```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                            ----oo0oo----
```

RONALD DREW,

        Plaintiff,

   v.

WATTS WATER TECHNOLOGIES; AMES FIRE & WATERWORKS; WATTS REGULATOR; WATTS INDUSTRIES, INC.; AMES COMPANY, INC.; and DOES 1 through 100, inclusive;

        Defendants.

NO. CIV. S-06-0641 WBS GGH

ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

```
                            ----oo0oo----
```

        This action arises from an employment dispute between plaintiff/respondent Ronald Drew and petitioners/defendants Watts Water Technologies, Ames Fire & Waterworks, Watts Regulator, Watts Industries, Inc., and Ames Company, Inc.  Plaintiff alleges that defendants violated California Government Code § 12945.2 (the California Family Rights Act) when they fired him for taking leave to care for his seriously ill wife.  (Compl. ¶¶ 11-12.) Plaintiff also claims that defendants' decision was unlawfully motivated by retaliatory animus stemming from his complaints that

1

female applicants were categorically excluded from employment in defendants' assembly division at their West Sacramento plant. (Id. ¶ 15.) This claim likewise arises under California Government Code §§ 12940-12951 (the California Fair Employment and Housing Act or "FEHA").

Plaintiff originally filed suit in the Superior Court of California in and for the County of Yolo. However, based on diversity of citizenship, defendants removed the case to this court on March 24, 2006. Pursuant to 9 U.S.C. § 2 (the Federal Arbitration Act or "FAA"), or alternatively California Code of Civil Procedure §§ 1280-1294.2, defendants now seek an order to compel plaintiff to arbitrate his employment dispute according to the terms of a signed employment agreement. Defendants also request a stay pending arbitration.

Plaintiff does not oppose defendants' petition. (Pl.'s Response to Defs.' Mot. to Compel Arbitration 1.) Furthermore, an order compelling arbitration appears warranted based on the arguments made by defendants. See 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable"); EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002) ("Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA"); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) ("[A]rbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination . . . ."); EEOC v. Luce,

1 Forward, Hamilton & Scripps, 345 F.3d 742, 747 (9th Cir. 2003)
2 (holding that employees can agree to arbitrate claims under Title
3 VII, FEHA's federal counterpart, because Congress has not
4 "evinced an intention to preclude a waiver of judicial
5 remedies"); see also Zolezzi v. Dean Witter Reynolds, Inc., 789
6 F.2d 1447, 1449 (9th Cir. 1986) ("[W]hen the language is
7 ambiguous or unclear, any doubts about the scope of arbitration
8 should be resolved in favor of arbitration."); Armendariz v.
9 Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 98 (2000)
10 ("California law, like federal law, favors enforcement of valid
11 arbitration agreements."); id. at 90-91, 102 (establishing the
12 "minimum requirements" for arbitrating FEHA claims pursuant to an
13 employment agreement, "including neutrality of the arbitrator,
14 the provision of adequate discovery, a written decision that will
15 permit a limited form of judicial review, and limitations on the
16 costs of arbitration").

17        Similarly, a stay of these proceedings pending
18 arbitration is also warranted under either federal or state law.
19 9 U.S.C. § 3 (after ordering the parties to submit to
20 arbitration, the court "shall on application of one of the
21 parties stay the trial of the action until such arbitration has
22 been had"); Cal. Civ. Proc. Code §§ 1281.4, 1292.8.

23        IT IS THEREFORE ORDERED that defendants' motion to
24 compel arbitration be, and the same hereby is, GRANTED.

25        IT IS FURTHER ORDERED that all proceedings in this
26 matter shall be STAYED, and the Clerk administratively close the
27 file pending arbitration.  The stay shall be lifted and the
28 matter reopened upon application of either party once arbitration

1 | is completed.
2 | DATED: July 31, 2006

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE